[Civ. No. 6642. First Appellate District, Division Two.—February 21, 1929.]

In the Matter of the Estate of LEMUEL D. STOCKTON, etc., Deceased. ALICE S. CHASE et al., Appellants; MILTON T. FARMER et al., Respondents.

Paul A. McCarthy for Appellants.

Athearn, Chandler & Farmer and Walter Hoffman for Respondents.

STURTEVANT, J. — From the decree of distribution rendered in the matter of the estate of Lemuel D. Stockton, certain of his heirs have appealed and have brought up the judgment-roll. There is no bill of exceptions. The appellants present only one point and that is that the trial court erroneously construed the contract of employment of the firm of Athearn, Chandler & Farmer as attorneys at law.

The deceased left a document purporting to be his last will and testament. His heirs at law were Emma Stockton, Frank I. Stockton, William J. Stockton, Robert B. Stockton, Alice P. Chase, all of whom were brothers and sisters, and Cornelia Sullivan and Jefferson Stockton, respectively a niece and nephew, being the children of Thomas J. Stockton, a predeceased brother of the testator. By the terms of the purported will the decedent devised to Emma Stockton $2,000; to William J. Stockton, Robert B. Stockton, Frank I. Stockton, Emma Stockton, Alice P. Chase and to the children of Thomas J. Stockton, deceased, the purported will contained a devise of an undivided one-half interest in and to a tract of forty acres located in Mariposa County. After probate certain of the heirs employed the law firm of Athearn, Chandler & Farmer to contest the will. That firm did so and the will was held invalid and thereafter the estate was administered upon under the theory that the decedent had died intestate. The decree recites the names of the persons signing the contract of employment and that

they executed "an agreement in writing with Messrs. Athearn, Chandler and Farmer, attorneys at law, wherein and whereby said heirs at law employed said attorneys to take such action as said attorneys might deem advisable and proper for the purpose of securing to them their rights as heirs at law of said deceased, and agreed that said attorneys, as their compensation, should receive 50% of whatever *might be recovered* for said heirs at law, said attorneys, however, to advance all costs and expenses in said matter. . . . " It should be stated in passing that during the controversy over the will, etc., a compromise was entered into whereby certain purported specific bequests were compromised and $2,000 was paid to the legatees thereunder. The appellants call to our attention that in construing the contract of employment of the attorneys above mentioned the trial court deducted from the total value of the estate $2,000 and thereafter the trial court distributed one-half of the remainder to the heirs of the deceased and one-half to the attorneys in accordance with its construction of the contract. ■ The appellants claim that the trial court should have deducted the $2,000 above mentioned and then that it should have deducted the sums which would have passed to said heirs under the will and then, and not until then, should the residue have been divided fifty-fifty between the heirs and the attorneys. This contention is based on the expression *"might be recovered"* as used in the decree above quoted. Appellants say those words mean "to win back"; that at best the contract is ambiguous; and being between attorney and client the ambiguity will be resolved in favor of the client. If this were a presentation in the trial court and a written contract was offered, all of these arguments would have due weight. However, no contract is before us, but a passage contained in the decree. It does not purport to contain the written contract and does not purport to quote the provisions *in haec verba.* In support of the judgment of the trial court this court is bound to presume that the word "recover" is the language of the trial court and was selected for its ordinary meaning at law as distinguished from its lay meaning. (See 34 Cyc. 763; Century Dictionary, "Recover," subd. 7.) In other words, we are bound to assume, in the absence of the evidence, that the contract

was not ambiguous, or, if ambiguous, that the ambiguity was removed by the ordinary and legal aids admissible for interpreting written instruments (Civ. Code, secs. 1635 et seq.) and that the showing was made and was satisfactory to the trial court.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.